(8 Misc. Rep. 325.)

KNIGHT v. SECKENDORF et al.

(Common Pleas of New York City and County, General Term.   May 7, 1894.)

Appeal—Weight of Evidence.
    A judgment of a justice of district court of New York, rendered on conflicting evidence, will not be disturbed.

Appeal from third district court.

Action by Samuel Knight against Isaac Seckendorf and others. There was a judgment in favor of defendants, and plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

William O. Campbell, for appellant.
Julius Offenbach, for respondents.

GIEGERICH, J.   This action was brought to recover the sum of $250 as damages for breach of conduct under a lease of certain premises in the city of Brooklyn.   By such lease plaintiff agreed to furnish defendants steam power and steam for drying room, not to

exceed 10 horse power. After defendants had been in possession under the lease for several months, it was found that there was no means of ascertaining how much steam they were actually using. Plaintiff claimed they were using more than the 10 horse power granted by the lease. To settle this difficulty, both parties entered into an arbitration agreement, whereby they submitted the question of the amount to be paid by the defendants for "live steam" used by them in the past, and the arbitrators were also to formulate a plan or rule for estimating the amount used thereafter. The arbitrators made the following award:

"Brooklyn, July 14/91.

"We, the undersigned, having been appointed to arbitrate in the matter between S. J. Knight and Seckendorf, Korn and Co., and agree as a basis of settlement that the horse power used in the past is seventeen horse, and the price $80 per year, and the basis for the future we agree that it shall be that at ½ ton of per day will be equal to 17 horse.

"[Signed]                                          Wm. Fenton.
                                                   "Charles Ball."

Plaintiff's bill of particulars sets forth the items of his claim as follows:

| | |
|---|---:|
| Extra steam used by defendants during the months January, February, March and September, 1892 | $173 30 |
| Water rent, as per lease, for March and April, 1893 | 11 57 |
| Damages for repairs to water-closets and elevator | 19 00 |
| Five buckets removed from premises by defendants | 9 00 |
| Total | $212 87 |

It was admitted that the water rent had not been paid, and the justice has rendered judgment for the amount thereof, with costs. The evidence as to the item for extra steam alleged to have been used is conflicting. There is testimony on the part of the plaintiff that the defendants did use steam during the months in question, while, on the other hand, according to the testimony adduced on the part of the defendants, they did not use any at all during these months; that this period was devoted to a cleaning of the premises, and that no manufacturing was at such time going on in their establishment. The justice evidently believed the defendants' version, and, as the determination of a question of fact was peculiarly within his province, it is not the subject of review here, the elements justifying such review not appearing in the case. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731; Weiss v. Strauss (Com. Pl. N. Y.) 14 N. Y. Supp. 776. The justice having determined by the verdict rendered that the defendants did not use steam during the months referred to, it would be manifestly unfair to compel the defendants to pay the plaintiff for the amount of coal he has burned over and above the amount necessary to produce 27 horse power. A contrary conclusion would intend that liability had been assumed by the defendants for the plaintiff's unrestricted use of coal, and this the evidence in no way supports. The award fixed a basis by which the excess of steam over 10 horse power used by the defendants could be ascertained. In order to use the award as a basis of compensation, it was first necessary to determine that some steam

had been furnished to the defendants. As has been shown, the justice's determination upon this issue finds its support upon the evidence, and the office of the award in question here fails. The testimony as to the remaining items of damage specified in the bill of particulars was conflicting, and we see no reason why the justice's determination of the facts in respect thereto should be disturbed. The record fails to disclose any exception taken by the appellant to rulings upon the trial. The judgment should be affirmed, with costs.